UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAWRENCE CRANDLE, JR.** : | | **DOCKET NO. 18-cv-0463** |
| REG. # 05377-095 | | SECTION P |
| **VERSUS** : | | **UNASSIGNED DISTRICT JUDGE** |
| **OFFICER ELKINS, ET AL.** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Lawrence Crandle, Jr., who is proceeding pro se and in forma pauperis in this matter. Crandle is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Bennettsville, South Carolina ("FCIB"). However, his claims relate to events that occurred while he was at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.
BACKGROUND**

Crandle complains that FCIO Officers Elkins and A. Thomas wrote up an incident report in which they falsely accused him of disposing of evidence during an attempt to search. Doc. 1, p. 4; *see* doc. 1, att. 1, pp. 6–7 (disciplinary hearing officer report). As a result, he states, he was

placed in solitary confinement from March 26 to May 31, 2017, and suffered mental stress and loss of contact with his children. Doc. 1, p. 3. He shows that the incident report was expunged on June 19, 2017, and that he was ordered to start informal resolution for restoration of the good conduct time lost in the resulting disciplinary hearing officer proceedings. Doc. 1, att. 1, pp. 1–2.

Crandle now brings the instant civil rights action against Elkins and Thomas, seeking $500,000 in damages from each defendant for "libel damage, defamation of character, [and] mental stress." Doc. 1, p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Crandle has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

As the Supreme Court has long recognized, "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 111 S.Ct. 1789, 1794 (1991). Thus, Crandle cannot maintain a constitutional claim based on libel/the injury to his reputation. Additionally, an inmate's claim that he was falsely accused of misconduct under prison regulations, without more, does not state a constitutional violation. *Novak v. Mundt*, 2005 WL 1277834, at *17 (D. Minn. May 10, 2005) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Crandle makes no claim that the alleged false statements were made in retaliation for his attempt to exercise a constitutional right, nor could he show that the punishment he did receive was cruel and unusual in relation to the ordinary incidents of prison life. Accordingly, he fails to

show any potential constitutional violation arising from his allegations and is thus not entitled to relief under *Bivens*.

### III.
#### CONCLUSION

Ordinarily, a *pro se* litigant should be given the opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1054, 1054 (5th Cir. 1998). Opportunity to amend is not required, however, if the petitioner has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Here no amendment could cure the non-constitutional nature of Crandle's claims.

Accordingly, **IT IS RECOMMENDED** that this *Bivens* action be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

-5-

THUS DONE AND SIGNED in Chambers this 18th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE