# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **LAWRENCE CRANDLE, JR.** | **CIVIL ACTION NO. 2:18-CV-463** |
| **REG # 05377-095** | **SECTION P** |
| | |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| | |
| **OFFICER ELKINS, ET AL.** | **MAGISTRATE JUDGE KAY** |

## RULING

Pending before the Court is a document filed by pro se Plaintiff, Lawrence Crandle, Jr., which the Court construes as: (1) a voluntary motion to dismiss the case, and (2) a motion to refund any partial filing fee already paid and to cancel Plaintiff's indebtedness for the remaining balance of unpaid filing fees. [Doc. No. 10]. For the reasons that follow, the motion is DENIED.

Plaintiff is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Bennettsville, South Carolina.[1] He filed this civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), "seeking $500,000 in damages from each defendant for 'libel damage, defamation of character, [and] mental stress.'" [Doc. No. 9 at 2 (quoting Doc. No. 1 at 4) (alterations in original)]. On May 16, 2018, Plaintiff's motion to proceed *in forma pauperis* was granted. [Doc. No. 8]. On May 18, 2018, the Magistrate Judge issued a Report and Recommendation recommending the suit be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. [Doc. 9 at 4]. On May 25, 2018, Plaintiff filed the present motion. In his motion, Plaintiff

---

[1] Plaintiff's claims relate to events that occurred while he was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. [Doc. No. 9 at 1].

states in pertinent part, "I Lawrence Crandle Jr. a Federal Prisoner, wish that my civil suit . . . be dropped from the court docket and all filing fee be dismiss [sic] from off (I) Lawrence Crandle Jr. . . ., I don't want to proceed with civil suit." [Doc. No. 10]

As to Plaintiff's request for relief from payment of the filing fee, the Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners who cannot afford filing fees to make a partial payment on the fees and obligate themselves to pay the balance in installments. *See* 28 U.S.C. § 1915(b). This district has implemented the PLRA by requiring prisoners filing civil suits without prepayment of the filing fee to execute a prescribed form authorizing prison authorities to deduct from their prison trust fund accounts the initial partial payment and all subsequent payments required by the Act. *See* Doc. Nos. 4 & 4-1. The PLRA contains no provision allowing a return of fees partially paid nor for the cancellation of the remaining indebtedness in the event a civil action is voluntarily dismissed.[2] Indeed, the PLRA states a prisoner proceeding *in forma pauperis* "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). By filing a complaint, the prisoner waives any objection to the fee assessment, *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997), and "[n]o relief from an order directing payment of the filing fee should be granted for a voluntary dismissal," *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000). As there is no authority for the return of fees partially paid or for cancellation of the remaining indebtedness, Plaintiff's request is denied.

---

[2]Indeed, Plaintiff acknowledged in his application to proceed *in forma pauperis* that he would be obligated for the full filing fee, regardless of the outcome of this suit. *See* Doc. 5 at 4 ("I also understand . . . that these fees will be debited from my account regardless of the outcome of my civil action"); *Id.* at 5 ("I must continue to make installment payments until the . . . filing fee is fully paid, without regard to whether my action is closed . . . ."); *see also* Doc. 4-1 at pp. 1, 2.

As to Plaintiff's request to voluntarily dismiss this suit, the Court again finds there is no authority for this relief. This is not the first time the Court has been faced with a prisoner who seeks to dismiss his case after an unfavorable report and recommendation issues. *See e.g. Latson v. Johnson*, 2009 WL 2824874, *1 (W.D.La.). The Court agrees with the reasoning of its sister court that prisoners should not be allowed to frustrate Congress's intent in enacting the PLRA by voluntarily dismissing a complaint when it appears the complaint will be unsuccessful. *Hines v. Graham*, 320 F.Supp.2d 511, 526 (N.D.TX 2004). As dicussed by the *Hines* Court:

> Congress intended the PLRA as a whole to reduce prisoner litigation. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir.2002). The PLRA specifically added 28 U.S.C. § 1915(g) to the *in forma pauperis* statute to provide that a prisoner may not proceed *in forma pauperis* in a civil action "if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." *Carson v. Johnson*, 112 F.3d 818, 819 (5th Cir.1997). "This provision often is referred to as the 'three strikes' provision." *Id.* (quoting *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir.1996)). By enacting this three-strikes or "frequent filer" provision, "Congress simply decided that the government need not subsidize these prisoners' lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 725 (11th Cir.1998). Indeed, "§ 1915(g) does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir.1999).
>
> . . . .
>
> If a prisoner is allowed to dismiss his complaint without prejudice . . . after a magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scarce judicial resources.

*Id.* at 526-527.

For the reasons set forth above, the Court finds Plaintiff's voluntary motion to dismiss without prejudice should be denied, as granting such relief would allow Plaintiff to circumvent the adverse consequence of avoiding a "strike" for purposes of the "three-strikes" rule established by the PLRA in 28 U.S.C. § 1915(g).

In light of the Court's Ruling denying Plaintiff's motion to dismiss, and considering Plaintiff's pro se status and the fact that the deadline for filing objections to the Report and Recommendation is fast approaching, the Court will EXTEND the time for filing objections. Any objections to the Report and Recommendation that Plaintiff wishes to file will be due on or before June 20, 2018.

Signed at Monroe, Louisiana, this 1st day of June, 2018.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE